**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES ALFORD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:08-CV-1322-CAM-LTW |
| PALISADES COLLECTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
DISQUALIFY DEFENDANT'S COUNSEL**

COMES NOW, Palisades Collection, LLC ("Palisades"), Defendant in the above-styled action, by and through its undersigned counsel of record, Weinstock & Scavo, P.C., and files this, Response in Opposition to Plaintiff's Motion to Disqualify Defendant's Counsel.

**INTRODUCTION**

This instant motion seeks one of the most severe remedies in that it asks this Court to drive a wedge between Weinstock & Scavo, P.C. (W&S) and its client, Palisades. Plaintiff claims that the economic and personal interests of Mr. Cohan have an adverse effect on his representation of Palisades. To support this position, Plaintiff relies on <u>Purser v. Trauner, Cohen & Thomas, LLP, et. al.</u>, NDGa., Civil

Action File No.: 1:07-CV-395-JOF, the December 14, 2007 Order issued by Judge Forrester (December 14 Order), Mrs. Purser's May 5, 2008 demand letter (May 5 demand), and emails from Mr. Cohan.  However, it appears that this motion is no more than an attempt to interfere with W&S' attorney-client relationship, especially since from the outset, Plaintiff's counsel suggested Mr. Cohan should not handle the case and should hand the case over to his associate.  <u>See</u> Affidavit of Matthew Rosenkoff, attached hereto as Exhibit A.

Plaintiff's Motion, if granted, would establish a precedent for disqualifying an opposing party's lawyer because the moving lawyer asserts bad blood – between the <u>lawyers, not</u> the <u>parties</u>.

Moreover, it is the Plaintiff's counsel who continue to express bad blood. After getting caught attempting to "manufacture" evidence, (The Kaidens alleged in Para. 29 of the <u>Purser</u> complaint that Purser was in treatment for breast cancer, when in fact she has never had breast cancer, nor has she ever been treated for breast cancer), the Kaidens have pursued a personal vendetta against Cohan and W&S.  This Motion is not justified and is a manifestation of that vendetta. Palisades, Defendant in this case, requests that this Court respect its choice of counsel to defend itself from Alford's claims.  Palisades respectfully requests that this Court deny this Motion.

It is evident from the face of Plaintiff's Motion that Plaintiff relies on matters wholly unrelated to Palisades. While Plaintiff's counsel and the undersigned counsel represented opposing parties in <u>Purser</u>, Palisades was not and is not a party to that case. As of the date of this Response, the State Bar has taken no action against Mr. Cohan. Of course even if the Bar takes action, it would concern events unrelated to Palisades. Similarly, counsel's May 5 demand does not involve Palisades and was issued subsequent to Mr. Cohan's appearance on behalf of Palisades, which occurred on April 24, 2008.

The motion also attempts to draw a connection between Mr. Cohan's emails and a violation of Rule 1.7. Initially, these emails are unrelated to the May 5 demand as the emails attached as D-1, D-2 and D-3 were exchanged prior to the May 5 demand. More importantly, the emails do not demonstrate any evidence let alone a significant risk that Mr. Cohan's own interest will materially or adversely affect his representation of Palisades. In order to neutralize any concerns, Michael Weinstock has personally entered an appearance in this case after Attorneys Kaiden filed the instant Motion.

It is evident that Plaintiff's counsel is intent on dwelling on past disputes and, as Plaintiff's motion is an attempt to use Rule 1.7 as a litigation tactic, it should be denied. Should this Court be inclined to disqualify counsel in this case,

Palisades requests that the Court also disqualify the Plaintiff's counsel, leaving both parties similarly inconvenienced.  As Plaintiff's counsel relies on unrelated disputes with W&S, it would not be appropriate to disqualify only one side and allow Plaintiff's counsel to remain unaffected.

## ARGUMENT

### I.  A MOTION TO DISQUALIFY IS A HARSH SANCTION AND EXTRAORDINARY REMEDY THAT SHOULD SPARINGLY BE USED AS IT IS SUSCEPTIBLE TO MISUSE AND ABUSE

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." Bernocchi v. Forcucci, 279 Ga. 460, 614 S.E.2d 775 (Ga. 2005); Martinez v. Housing Authority of DeKalb County, 264 Ga.App. 282, 590 S.E.2d 245 (Ga. App. 2003).  The adverse effect of disqualification is immediate since the client is separated from their chosen counsel.  See Bernocchi, 279 Ga. 460.  For example, the client may suffer delays, suffer financially, and "may lose the benefit of its longtime counsel's specialized knowledge of its operations." See Bernocchi, 279 Ga. 460.  As a result of the effects of disqualification, disqualification is a harsh sanction, causes substantial hardship, and should be used sparingly.  See Herrmann v. GutterGuard, Inc., 199 Fed.Appx. 745, 2006 WL 2591878 (11th Cir. 2006) (not selected for publication) (applying Rule 1.9); see also Bernocchi, 279

Ga. 460 (stating that disqualification should be seen as an extraordinary remedy).

The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. Herrmann v. GutterGuard, Inc., 199 Fed.Appx. 745, 2006 WL 2591878 (11th Cir. 2006) (not selected for publication) (citing In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir.2003)). A party's right to counsel of its choice may only be overridden if there are "compelling reasons." Id. The Court "should consider the particular facts of the case, balancing the need to ensure ethical conduct on the part of lawyers against the litigant's right to freely chosen counsel." Martinez v. Housing Authority of DeKalb County, 264 Ga.App. 282, 590 S.E.2d 245 (Ga. App. 2003). Ultimately, as at least one other Court in the Northern District of Georgia has recognized, disqualification is "highly disfavored in the law because the threat of disqualification can be a powerful tactical weapon." Doe v. Fulton-Dekalb Hosp. Authority, 2006 WL 2990442 (N.D.Ga. 2006) (granting Rule 11 sanctions, rejecting attorney's claim that he had no tactical reason to seek disqualification, and noting that a motion to disqualify forces the opposing party to incur thousands of dollars in legal fees and deprives the party of their attorney's experience in handling similar cases).

Georgia Rule of Professional Conduct 1.7(a), which relates to conflicts of interest, states: "[a] lawyer shall not represent or continue to represent a client if

there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b)." Important for purposes of this instant motion, Comment 15 to Rule 1.7 states:

> [15] **Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation**. In litigation, a court may raise the question when there is reason to infer that the lawyer has neglected the responsibility. In a criminal case, inquiry by the court is generally required when a lawyer represents multiple defendants. **Where the conflict is such as clearly to call into question the fair or efficient administration of justice, opposing counsel may properly raise the question**. Such an objection should be **viewed with caution, however, for it can be misused as a technique of harassment**. See Scope.

Id. (emphasis added).  The Northern District of Georgia's caution in Doe echoes the comment included within Rule 1.7.

Additionally, comment 15 indicates that opposing counsel may raise the existence of a conflict where it "clearly…call[s] into question the fair or efficient administration of justice."  In analyzing Rule 1.7 and comment 15 in the context of conflicts of interest in the representation of multiple parties, the Georgia Supreme Court has stated that "[i]n order for counsel to have standing to raise the issue of an opposing lawyer having a conflict of interest in simultaneously representing multiple plaintiffs or defendants, there must be a violation of the rules which is

**sufficiently severe** to call in question the fair and efficient administration of justice and opposing counsel must provide substantiation." Bernocchi, 279 Ga. 460 (emphasis added) (internal citations omitted). This same standard should be applied to 1.7(a) as well.

## II. DISQUALIFICATION IS NOT WARRANTED BECAUSE NEITHER THE INTERESTS OF MR. COHAN NOR W&S IMPAIR THEIR REPRESENTATION OF PALISADES

### A. There is a Pending Motion Seeking to Reconsider the December 14 Order, Yet, in Any Event, the Order Does Not Cause Mr. Cohan's Interests to Elevate Above Those of His Clients

The December 14 Order is inapplicable to this instant litigation. By way of background, prior to W&S' withdrawal in Purser, a Motion for Reconsideration was filed. The basis of the Motion for Reconsideration was that the alleged violation of Rule 4.2(a) was premised on the Court's finding that Mr. Cohan's intention was to "intimidate plaintiff into settling her claims at the table without the advice of her counsel." See Order at p. 14. However, reconsideration of the Order has been sought and W&S intends to supplement the same, because Rule 4.2(a), or a substantially identical form of 4.2(a), seeks "to prevent situations in which a represented party may be taken advantage of by adverse counsel; **the presence of the party's attorney theoretically neutralizes the contact.**" See Frey v. Department of Health and Human Services, 106 F.R.D. 32 (E.D.N.Y. 1985)

(emphasis added); see also Wright by Wright v. Group Health Hosp., 103 Wash.2d
192, 691 P.2d 564 (Wash. 1984).[1]  However, whether reconsidered or not, it is a
red herring to suggest that matter is applicable to the instant matter.

While the motion for reconsideration does not affect the allegations in  this
Plaintiff's Complaint, it serves as further evidence that Plaintiff is attempting to
draw improper conclusions from the December 14 Order.  In an unrelated case,
while the motion for reconsideration attempted to highlight the legal interpretation
of Rule 4.2(a), it is absolutely clear that the December 14 Order has not prohibited
Mr. Cohan from practicing law or from representing clients in this Court.  Without
a doubt, the December 14 Order has no effect on Palisades or Alford as neither was
a party in Purser.

Instead, Plaintiff attempts to claim that the December 14 Order has
negatively impacted Mr. Cohan in such a way that his handling of this unrelated
litigation affects his representation of Palisades.  To support Plaintiff's position,

---

[1] In Georgia, at least one Court has explained that Rule 4.2 "is designed to protect a
represented party's right to effective representation of counsel by preventing
adverse counsel from taking advantage of such party through undisclosed contact."
Morse v. State, 277 Ga.App. 67, 625 S.E.2d 489 (Ga. App. 2005).  Other Courts
have explained that the genesis of this rule seeks to prevent attorneys from "taking
advantage of uncounselled lay persons and to preserve the efficacy and sanctity of
the lawyer-client relationship." See E.E.O.C. v. Hora, Inc., 239 Fed.Appx. 728 (3d
Cir. 2007) (not selected for publication) (quoting Carter-Herman v. City of
Philadelphia, 897 F.Supp. 899 (E.D.Pa. 1995).

Plaintiff attaches emails from Mr. Cohan and cites Mr. Cohan's "unwillingness to meet counsel at a quite, neutral setting." <u>See</u> Motion at p.4 [sic].  This ignores the fact that it was the Plaintiff's counsel who rejected an invitation to meet at W&S for the Rule 26(f) conference.  <u>See</u> Rosenkoff Affidavit ¶¶ 8-9.  Rather than engage in a petty turf war, Mr. Cohan suggested meeting at a neutral setting, the cafeteria at the courthouse.  <u>See</u> Exhibit D-2.  Plaintiff's counsel countered with a suggestion to meet at the State Bar. <u>See</u> Exhibit D-1  The Court should decide if that suggestion was intended to be a provocative reference to the December 14 Purser Order.  Plaintiff cannot claim Mr. Cohan embarked on time-wasting bickering when Mr. Cohan first suggested a neutral site for the Rule 26(f) conference.

Similarly misplaced is Plaintiff's argument that Mr. Cohan's instruction for communication to be directed at him evidences an ulterior personal motive or open hostility and mistrust.  Plaintiff cites to Mr. Cohan's email requesting all communication to his attention, rather than his associate, and stating "I fear you would attempt to take advantage." <u>See</u> Exhibit D-2.  Cohan was lead trial counsel with 17 years of experience and has the right to expect that all dealings include him, and not Mr. Rosenkoff, a third year associate.

In direct defiance and in open hostility to this request, Plaintiff's counsel immediately called W&S and asked to speak with Mr. Rosenkoff. <u>See</u> Exhibit D-1.

Finally, Plaintiff argues that Mr. Cohan's suggestion that "his physical safety is in jeopardy" was antagonistic and irrational. Well, Cohan made no such suggestion. Cohan NEVER suggested that "his physical safety is in jeopardy." It is Plaintiff's counsel who has attempted to manufacture evidence in an unrelated case referenced herein and who has threatened remarks. It is opposing counsel's propensity to take liberties with the facts that Mr. Cohan worried about.

Even before these emails, Plaintiff's counsel had concerns about working with Mr. Cohan and suggested that Mr. Cohan worried him. <u>See</u> Rosenkoff Affidavit ¶¶ 6-7. It is also surprising that Plaintiff would attack Mr. Cohan's concerns about a private meeting when Plaintiff's counsel rejected the offer to hold the conference at the offices of W&S because Plaintiff's counsel did not feel comfortable. <u>See</u> Rosenkoff Affidavit ¶ 8. Exhibits D-1 and D-2 evidence efforts to hold the Rule 26(f) conference in a public location to protect everyone involved from any further claims, litigation, discomfort, or harassment that might be created from a private meeting.

Although Plaintiff's counsel might disagree with Mr. Cohan's position, Mr. Cohan's comments do not demonstrate that he is "unable to comport himself in…a

manner that will assist in the just and efficient resolution of this case." <u>See</u> Motion at p. 6.  To the extent Plaintiff is concerned with Mr. Cohan's involvement, these concerns were vitiated by the appearance of Michael Weinstock as lead trial counsel. Mr. Weinstock called Plaintiff's counsel to assure that prior actions and dealings with W&S will not affect his zeal, judgment or professionalism in representing Palisades.  <u>See</u> Exhibit B, Letter from Michael Weinstock. Plaintiff's counsel cannot suggest that a conflict would still exist now that Mr. Weinstock is lead counsel when Plaintiff's counsel previously suggested that Mr. Cohan turn the case over to Mr. Rosenkoff.

Furthermore, Plaintiff's arguments do not demonstrate a personal motive which will damage Palisades.  Requiring communication to go through lead trial counsel directly prevents against miscommunications that would only escalate the attorney's fees on both sides.  Similarly, such precautions were necessary to ensure that Palisades is not placed in a precarious situation that could lead to any further claims or amendments to the Complaint, as in <u>Purser</u>.

Plaintiff's conclusion that Mr. Cohan is openly hostile and antagonistic lack support, but, regardless, does not merit disqualification.  Plaintiff has not satisfied his burden of demonstrating a clear conflict that causes the interests of the undersigned firm to materially or adversely affect the representation of Palisades.

There is no support for Plaintiff's argument that W&S' conduct is damaging or might damage Palisades, who chose to hire W&S, and who continues to choose to be represented by Weinstock & Scavo, P.C., with Mr. Weinstock as lead counsel.

**B.   The May 5, 2008 Demand Letter from Mrs. Purser's Counsel, Kaiden & Kaiden, LLC, is Unrelated to Palisades and Can Not Be Utilized to Create a Conflict After Mr. Cohan had Already Entered His Appearance in this Case**

Plaintiff's Motion asserts that Mr. Cohan is unable to conduct himself in a manner to assist the "just and efficient resolution of this case" in light of "Mrs. Purser's demand for damages from Mr. Cohan and his law firm Weinstock & Scavo." See Motion at p. 6.  On its face, the May 5 demand has nothing to do with Palisades or this instant litigation. The May 5 demand is on behalf of Mrs. Purser, not Plaintiff's counsel, and, as such, has nothing to do with this case and should not serve as a basis for disqualification.  Rather, Plaintiff argues the May 5 demand would cause W&S to act in its own interest rather than in Palisades' interest.

Plaintiff's position amounts to an unsupported attack on the attorney-client relationship.  Plaintiff's insinuation that the financial interests of Mr. Cohan and W&S would be impacted by the May 5 demand are unsupported with any evidence to show that W&S would jeopardize its client's interests. Were this to be true, no attorney would be permitted to represent another client if the attorney was the subject of a lawsuit. Mr. Weinstock even apprised Plaintiff's counsel that their

demand would not affect his judgment or professionalism.  See Ex. B.  There is no sufficiently severe violation, let alone clear evidence that the interests Mr. Cohan or W&S materially or adversely affect the representation of Palisades.  Moreover, by way of illustration, if unwarranted litigation is pursued by any counsel in any matter, they would be subject to claims under Rule 11, "abusive litigation," and the preservation of those rights against counsel would not per se disqualify them by having potential financial liability for their conduct.

Plaintiff should not be permitted to take advantage of his own counsel's May 5 demand, albeit for another client, when it was sent after Mr. Cohan had already appeared on behalf of Palisades.  Even before the May 5 letter, W&S attempted to schedule the Rule 26(f) Conference and exchanged the correspondence detailed above.  The timing of the May 5 demand demonstrates that Plaintiff would be using a subsequent filing in an unrelated case to drive a wedge between W&S and Palisades. This Court should not allow the Plaintiff to take advantage of unrelated litigation and use it as a litigation tactic to seek disqualification.

### C.   The Instant Motion Should be Denied as it Represents an Impermissible Litigation Tactic Aimed at Interfering With the Attorney-Client Relationship

From the outset, it seems that Plaintiff's counsel did not want to deal with Mr. Cohan.  On May 1, 2008, Plaintiff's counsel expressed concerns about dealing

with Mr. Cohan.   <u>See</u> Rosenkoff Affidavit ¶¶ 6-7.   Plaintiff's counsel even suggested that Mr. Cohan not be involved and that he should hand the case over to his associate. <u>See</u> Rosenkoff Affidavit ¶ 7; <u>see</u> <u>also</u> Exhibit D-1. It is evident that Plaintiff's counsel was intent on interfering with W&S' representation of its client.

This instant Motion is a similar effort to interfere with W&S' attorney-client relationship.  The Plaintiff cites what appear to be personality differences between counsel, in an attempt to claim that W&S is looking out for itself rather than its client.  The Plaintiff relies on a past case involving W&S, a post hoc demand letter, and a scheduling disagreement as the basis for disqualification.  It is this very reason that Comment 15 to Rule 1.7 and the case law cautions against motions to disqualify and notes the propensity for motions to disqualify to be misused, a litigation tactic, or an implement of harassment.  Plaintiff's motion does not demonstrate sufficiently severe or clear conduct that calls into question W&S' representation or the administration of justice.  Notably absent from Plaintiff's Motion is any reference to the detriment Palisades would suffer were it forced to hire new counsel, including, but not limited to, the curtailment of its right to counsel of its choice.  This motion should be denied and W&S should be entitled to defend Palisades unabated.

## **CONCLUSION**

This Court should not lose sight that disqualification is a severe sanction that is considered an extraordinary remedy. Plaintiff's reliance on two emails and unrelated litigation do not sufficiently demonstrate a conflict of interest. Plaintiff's insinuations of an adverse impact on Palisades are unsubstantiated and fail to rise above the required threshold for disqualification. Accordingly, this Court should deny the Plaintiff's Motion to Disqualify Defendant's Counsel, together with such other and further relief as this Court may deem just, fair, and appropriate.

Respectfully submitted this 27th day of May, 2008.

                                           /s/ Michael Weinstock
                                          Michael Weinstock
                                          Georgia Bar No. 746454
                                          Louis R. Cohan
                                          Georgia Bar No. 173357
                                          Matthew R. Rosenkoff
                                          Georgia Bar No. 842117

*Attorneys for Palisades*
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
(404) 231-3999 (Office)
(404) 231-1618 (Fax)
Email: mweinstock@wslaw.net
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net

## CERTIFICATION OF FONT TYPE AND SIZE

The undersigned counsel for Palisades hereby certifies that Palisades' *Response in Opposition to Plaintiff's Motion to Disqualify Defendant's Counsel* has been prepared with Times New Roman 14-Point Font, as approved in LR 5.1C.

Respectfully submitted this 27th day of May, 2008.

  /s/ Michael Weinstock
Michael Weinstock
Georgia Bar No. 746454
Louis R. Cohan
Georgia Bar No. 173357
Matthew R. Rosenkoff
Georgia Bar No. 842117

*Attorneys for Palisades*
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
(404) 231-3999 (Office)
(404) 231-1618 (Fax)
Email: mweinstock@wslaw.net
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JAMES ALFORD, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:08-CV-1322-CAM-LTW |
| PALISADES COLLECTION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2008, I electronically filed the above *Response in Opposition to Plaintiff's Motion to Disqualify Defendant's Counsel* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Cristina I. Kaiden & Robert A. Kaiden        (kaidenlaw@msn.com)

Respectfully submitted this 27th day of May, 2008.

   /s/ Michael Weinstock
Michael Weinstock
Georgia Bar No. 746454
Louis R. Cohan
Georgia Bar No. 173357
Matthew R. Rosenkoff
Georgia Bar No. 842117

*Attorneys for Palisades*
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
(404) 231-3999 (Office)
(404) 231-1618 (Fax)
Email: mweinstock@wslaw.net
Email: lcohan@wslaw.net
Email: mrosenkoff@wslaw.net